## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| LESLIE ANN LEGG, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-00369-N |
| | ) | |
| ANDREW M. SAUL, | ) | |
| *Commissioner of Social Security*, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Leslie Ann Legg brought this action under 42 U.S.C. § 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*[1] Upon due consideration of the parties' briefs (Docs. 22, 23, 24) and those portions of the administrative record (Doc. 17) relevant to the issues raised, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.[2]

### I.   *Procedural Background*

Legg filed the subject application for SSI with the Social Security

---

[1] "Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program." *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (citing 42 U.S.C. § 1382(a)).

[2] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 27, 28; 3/24/2020 text-only order of reference). With the Court's consent, the parties jointly waived the opportunity to present oral argument. (*See* Docs. 29, 30).

Administration ("SSA") on March 24, 2016. After it was initially denied, Legg requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. Such a hearing was held on May 7, 2018. On September 21, 2018, the ALJ issued an unfavorable decision on Legg's application, finding her not disabled under the Social Security Act and therefore not entitled to benefits. (*See* Doc. 17, PageID.66-84).

The Commissioner's decision on Legg's application became final when the Appeals Council for the Office of Disability Adjudication and Review denied her request for review of the ALJ's unfavorable decision on May 20, 2019. (*See id.*, PageID.58-62). Legg subsequently brought this action under § 1383(c)(3) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.    *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). In reviewing the Commissioner's factual findings, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

Put another way, "[u]nder the substantial evidence standard, we cannot look at the evidence presented to [an administrative agency] to determine if interpretations of the evidence other than that made by the [agency] are possible. Rather, we review the evidence that was presented to determine if the findings

made by the [agency] were unreasonable. To that end, [judicial] inquiry is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made. That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (citations and quotation omitted).[3]

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [A court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v.*

---

[3] *See also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record" because "[e]ven if we find that the evidence preponderates against the [Commissioner]'s decision, we must affirm if the decision is supported by substantial evidence."); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (under the substantial evidence standard, "we do not reverse the [Commissioner] even if this court, sitting as a finder of fact, would have reached a contrary result…"); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."); *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.").

*Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). If a court determines that the Commissioner reached his decision by focusing upon one aspect of the evidence and ignoring other parts of the record[, i]n such circumstances [the court] cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Nevertheless, " 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.' " *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (quotation and brackets omitted)). [4]

_____

[4] Moreover, "district court judges are not required to ferret out delectable facts buried in a massive record," *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings), and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239

The "substantial evidence" "standard of review applies only to findings of

fact. No similar presumption of validity attaches to the [Commissioner]'s

---

(11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). The Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that 'simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue')."); *Figuera v. Comm'r of Soc. Sec.*, 819 F. App'x 870, 871 n.1 (11th Cir. 2020) (per curiam) (unpublished) ("Figuera also argues the ALJ failed to properly assess her credibility … However, Figuera did not adequately raise this issue in her brief before the district court. She raised the issue only summarily, without any citations to the record or authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (noting that a party 'abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority'). As a result, we do not address the sufficiency of the ALJ's credibility finding.").

conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). " 'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.' " *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the

legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)."). It is also important to note that a court cannot "affirm simply because some rationale might have supported the [Commissioner]' conclusion[,]" as "[s]uch an approach would not advance the ends of reasoned decision making." *Owens*, 748 F.2d at 1516. Rather, "an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself." *Fed. Power Comm'n v. Texaco Inc.,* 417 U.S. 380, 397, 94 S. Ct. 2315, 41 L. Ed. 2d 141 (1974)  (quotation omitted). *See also Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."); *Nance v. Soc. Sec. Admin., Comm'r*, 781 F. App'x 912, 921 (11th Cir. 2019) (per curiam) (unpublished) [5] ("Agency actions … must be upheld on the same bases articulated in the agency's order." (citing *Texaco Inc.,* 417 U.S. at 397, and *Newton*, 209 F.3d at 455)).

Eligibility for SSI requires that a claimant be "disabled," 42 U.S.C. § 1382(a)(1)-(2), meaning that the claimant is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 1382c(a)(3)(A).

---

[5] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[6]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves

---

[6] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When, as here, the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must

consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

## III. *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Legg had not engaged in substantial gainful activity since the application date of March 24, 2016.[7] (Doc. 17, PageID.71). At Step Two, the ALJ determined that Legg had the following severe impairments: back and neck disorder, history of carpal tunnel syndrome (CTS) with release, migraines, diabetes mellitus, depression, and agoraphobia. (*Id.*, PageID.71-72). At Step Three, the ALJ found that Legg did not have an impairment or combination of impairments that met or equaled the severity of a specified impairment in Appendix 1 of the Listing of Impairments, 20 C.F.R. § 404, Subpt. P, App. 1. (*Id.*, PageID.72-74).

At Step Four,[8] the ALJ determined that Legg had the residual functional

---

[7] "For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file." *Moore*, 405 F.3d at 1211 (citing 20 C.F.R. § 416.202–03 (2005)).

[8] At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. §

capacity (RFC) "to perform light work as defined in 20 CFR 416.967(b)[9] except that

---

> 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

[9] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. The Social Security regulations describe "light" work as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

she can frequently climb ramps and stairs; never climb ladders, ropes, and scaffolds; … frequently balance, stoop, kneel, crouch, and crawl[;] can frequently handle and finger bilaterally[;] should never be exposed to unprotected heights or moving mechanical parts[; her] ability to understand, remember, and apply information is limited to performing simple and routine tasks; her ability to use judgment is limited to simple work related decisions; she can interact with supervisors, coworkers, and the public occasionally; … she can deal with occasional and gradually introduced changes in a routine work setting[; and f]eedback and criticism from supervisors and coworkers should be non-confronting and supportive." (Doc. 17, PageID.74-83). Based on the RFC and the testimony of a vocational expert,[10] the ALJ determined that Legg was unable to perform any past relevant work. (Doc. 17, PageID.83).

At Step Five, after considering additional testimony from the vocational expert, the ALJ found that there existed a significant number of other jobs in the national economy that Legg could perform given her RFC, age, education, and work experience. (*Id.*, PageID.83-84). Thus, the ALJ found that Legg was not disabled under the Social Security Act. (*Id.*, PageID.84).

---

20 C.F.R. § 416.967(b).

[10] "[T]he ALJ may determine whether the claimant has the ability to adjust to other work in the national economy … by the use of a vocational expert. A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments. When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240.

## IV. *Analysis*

Legg claims that the ALJ erred in rejecting certain medical opinions in the record. No reversible error has been shown.

" 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.' " *Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)). "In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including (1) whether the physician has examined the claimant; (2) the length, nature, and extent of a treating physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. These factors apply to both examining and non-examining physicians." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. 2014) (per curiam) (unpublished) (internal citations and quotation marks omitted) (citing 20 C.F.R. §§ 404.1527(c) & (e), 416.927(c) & (e)). While "the ALJ is

not required to explicitly address each of those factors[,]" *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) (per curiam) (unpublished), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179.[11]

The opinions of non-treating physicians "are not entitled to deference ..." *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam). However, "[t]he opinion of a treating physician…'must be given substantial or considerable weight unless "good cause" is shown to the contrary.' " *Phillips*, 357 F.3d at 1240 (quoting *Lewis*, 125 F.3d at 1440)).  "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.' With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240-41) (internal citation omitted). *See also, e.g.*, *Bloodsworth*, 703 F.2d at 1240 ("[T]he [Commissioner] may reject the opinion of any physician when the evidence supports a contrary conclusion."). Failure to clearly articulate the reasons for giving less than substantial or considerable weight to the opinion of a treating physician "constitutes reversible error." *Lewis*, 125 F.3d at 1440. "But if an ALJ articulates specific

---

[11] On January 18, 2017, the SSA substantially revised the regulations governing how the Commissioner considers medical opinions. However, those revisions apply only to claims filed on or after March 27, 2017, and are therefore inapplicable to the subject application. *Compare* 20 C.F.R. § 416.920c (applicable to claims filed on or after on or after March 27, 2017) *with* 20 C.F.R. § 416.927 (applicable to claims filed before March 27, 2017).

reasons for declining to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 861 (11th Cir. 2017) (per curiam) (unpublished) (citing *Moore*, 405 F.3d at 1212). *Accord Huigens v. Soc. Sec. Admin., Comm'r*, 718 F. App'x 841, 844 (11th Cir. 2017) (per curiam) (unpublished).

The ALJ addressed the medical opinion of Legg's treating physician, Anna Fountain Lee, M.D. as follows;

> [Dr. Lee], the claimant's current primary care physician, completed a Clinical Assessment of Pain form on May 21, 2018. (Exhibit C14F). She noted the claimant's pain is present to such an extent as to be distracting to adequate performance of daily activities. Little weight is given to this notation, as no support was given for it and it is not consistent with the medical evidence of record. Additionally, no reasoning was given for that notation and it is based on the claimant's subjective complaints. The physical exams were normal in the months leading up to this form being filled out. (Exhibits C11F and C14F). Dr. Lee also found medication side effects can impose some limitations on the claimant but not to such a degree as to create serious problems in most instances. (Exhibit C14F). As noted above, the undersigned has accounted for potential medication side effects in the [RFC].

(Doc. 17, PageID.82-83). Legg claims that the "ALJ failed to state any reason, much less a satisfactory reason as to why the evidence upon which Dr. Fountain/Lee based her opinion was not credible or didn't support her conclusions." (Doc. 22, PageID.1234). The undersigned disagrees.

The Clinical Assessment of Pain form was a circle-the-answer type form that asked ]two questions, with multiple-choice answers provided for each: (1) "To what extent is pain of significance in the treatment of this patient?"; and (2) "In your best judgment, to what extent will the prescribed medication impact this person's ability

to perform work-related activities?" (*Id.*, PageID.1161). The ALJ gave "little weight" to Dr. Lee's answer to the first question, correctly noting that "no support" or "reasoning was given for it." Legg does not dispute this finding, which alone constituted "good cause" to reject the opinion, since "the opinion of a treating physician may be rejected when it is so brief and conclusory that it lacks persuasive weight or where it is unsubstantiated by any clinical or laboratory findings." *Bloodsworth*, 703 F.2d at 1240. *See also Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991) ("Doctor Edwards' statement that Claimant Edwards was 'restricted to a four (4) hour work day' contains no clinical data or information to support his opinion. The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory."); *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best … [W]here these so-called reports are unaccompanied by thorough written reports, their reliability is suspect." (quotation omitted)); *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (per curiam) (unpublished) (finding that treating physician's opinion was not entitled to considerable weight because, among other reasons, "the questionnaire format typifies brief or conclusory testimony" (quotation marks omitted)).

The ALJ also discounted Dr. Lee's pain opinion as inconsistent with her own treatment notes, finding that "[t]he physical exams were normal in the months leading up to this form being filled out." This, too, is "good cause" to discount a

treating physician's opinion, *see Winschel*, 631 F.3d at 1179, and Legg does little to dispute that finding, instead largely citing evidence from other medical sources to bolster Dr. Lee's opinion. However, a court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015) (citing *Moore*, 405 F.3d at 1212).[12] Accordingly, the undersigned finds that the ALJ articulated sufficient good cause, supported by substantial evidence, to reject Dr. Lee's opinion.

The ALJ also considered the opinion of Robert DeFrancisco, Ph.D., who examined Legg twice – the first time on February 13, 2018, at the behest of her attorney representative, and the second time at a post-hearing consultative exam on July 24, 2018. (*See* Doc. 17, PageID.79-80). In weighing that opinion, the ALJ stated:

> Little weight is given to Dr. DeFrancisco's statement in Exhibit C12F [from the February 13, 2018 examination] that "restriction of activity and constriction of interest are considered moderate to severely impaired," as it is not an opinion on functioning, no support was given

---

[12]   The ALJ also found that Dr. Lee's opinion was "not consistent with the medical evidence of record," which is also good cause to reject at treating source's opinion. The ALJ thoroughly discussed the medical evidence of record prior to weighing Dr. Lee's opinion, and Legg's brief gives the undersigned no cause to believe the ALJ failed to consider the record as a whole in making this finding.

Legg does argue that, in rejecting Dr. Lee's opinion, "[t]he ALJ seems to be relying on the fact that [Legg] initially had good results after her laminectomy in 2011 and after branch blocks in 2015." (Doc. 22, PageID.1234). "However," claims Legg, "it is a consistent fact that treatments of persons with back injuries that have initial success in eliminating or limiting pain, frequently have only temporary relief and have the pain return in a severe form." (*Id.*). Legg cites nothing to substantiate this statement, appearing at most to invite the Court to impermissibly substitute its judgment for the ALJ's. *Winschel*, 631 F.3d at 1178.

for this opinion, and it is not consistent with the medical evidence of
record. Little weight is also given to the marked part of his moderate to
marked limitations in the M[edical Source Statement from the July 24,
2018 examination] in Exhibit Cl5F, as marked limitations are not
supported by the medical evidence or her functioning. Moreover, Dr.
DeFrancisco noted these findings were partly based on physical issues,
an area outside his expertise on which he is not qualified to render an
opinion. No reasoning was given for the marked part of the limitation,
particularly making judgments on simple decisions, interacting with
others, or responding to changes. Her activities do not support finding
marked limitations in these areas. Dr. DeFrancisco also noted she
could manage benefits, which is not consistent with a marked finding
in making judgments on simple decisions. Dr. DeFrancisco noted the
claimant malingered at the first examination, so his opinion there is
not based on her true functioning. Partial weight is given to his
moderate findings, as those would be supported by the medical
evidence of record and the notations of her functioning.

(Doc. 17, PageID.80).

Thus, contrary to Legg's assertion, the ALJ articulated multiple reasons for

giving little weight to Dr. DeFrancisco's more severe opinions. The only one that

Legg specifically takes issue with is the ALJ's finding that Dr. DeFrancisco was not

qualified to render an opinion based on physical issues because they were outside

his area of expertise. That finding, however, was not unreasonable, as Dr.

DeFrancisco was not a medical doctor (M.D.), but rather a licensed psychologist

(Ph.D.). Legg offers no support for her conclusory assertion that "Dr. DeFrancisco is

qualified to diagnose a pain disorder, as he did." (Doc. 22, PageID.1234). Moreover,

whether a medical source is a specialist in a particular area is a valid factor in

weighing the source's opinion, *see* 20 C.F.R. § 416.927(c)(5), and the ALJ's decision

makes clear that this was just one of several factors that he considered in assigning

little weight to portions of Dr. DeFrancisco's opinions.[13]

No reversible error having been shown, the Court finds that the Commissioner's final decision denying Legg's application for benefits is therefore due to be **AFFIRMED**.

## V. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying Legg's March 24, 2016 application for SSI is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

---

[13]    Legg also claims that the ALJ "gave no reason why [her] complaints of pain and the severity of the pain weren't credible." (Doc. 22, PageID.1234). However, apart from citing a Social Security Ruling setting forth the general parameters for evaluating a Social Security claimant's subjective complaints of pain, Legg offers no substantive argument challenging the ALJ's credibility finding.

The Eleventh Circuit Court of Appeals has held that "an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority[,]" *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014), and has applied that rule "with equal force in social security appeals." *Buttram v. Soc. Sec. Admin., Com'r*, 594 F. App'x 569, 572 (11th Cir. 2014) (per curiam) (unpublished) ("This case illustrates the rule. Buttram's initial discussion of the Listing 9.08 issue was cursory and conclusory. He cannot cure this defect with belated arguments; instead, he must preserve for appeal each available issue or argument at every step. Having failed to do so, we decline to sanction conduct that squanders judicial resources by considering his belated arguments absent any indication that an exception to the general rule applies here."). See also Revel v. Saul, No. CV 1:19-00248-N, 2020 WL 6472640, at *7 & n.12 (S.D. Ala. Nov. 3, 2020) (citing cases). Given that review of a final decision of the Commissioner is the same in district court as it is in the Court of Appeals, *see Miles*, 84 F.3d at 1400 ("Our review in a Social Security case is the same as that of the district court."); *Henry*, 802 F.3d at 1267 (same), the undersigned finds that Legg has waived her claims of reversible error as to the ALJ's credibility determination by raising them in only a perfunctory manner without supporting argument.

Moreover, Legg's arguments in this regard appear to depend in large part on the Court finding error in the ALJ's rejection of Dr. Lee and Dr. DeFrancisco's medical opinions. As discussed above, no error has been shown in that regard.

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 9th day of November 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**